LOUISE M. GALLIGAN, Plaintiff, *v.* LEWIS M. HORNTHAL, Defendant.

*Libel — change of venue — conditional denial of motion for.*

Upon a motion made on behalf of a defendant for a change of the place of trial, for the convenience of witnesses, of an action brought to recover damages for the uttering of a libel by the defendant by virtue of his public office or incident thereto, where the county to which the venue is sought to be changed, is one in which the cause of action, or some part thereof, arose, an order denying such motion is error, and the defendant is entitled to the change of venue as a matter of right under subdivision 2 of section 983 of the Code of Civil Procedure.

In such an action the court, at Special Term, denied such a motion to change the place of trial on condition that the plaintiff withdrew the third cause of action in his complaint; otherwise it was granted.

*Held,* that it was not within the power of the court to impose such a condition.

CROSS-APPEALS, one by the defendant, Lewis M. Hornthal, from that part of an order of the Supreme Court, entered on the 1st day of February, 1893, in the office of the clerk of the county of Queens, which provides that the motion on the part of the defendant, for an order directing that the place of trial in this action be changed from the county of Queens to the city and county of New York, be denied; the other by the plaintiff, Louise M. Galligan, from that part of the same order which provides as follows : " On condition that the plaintiff withdraws the third cause of action in said complaint; otherwise granted."

At the Kings County Special Term, after hearing the motion to change the place of trial, an order was made that said motion be and the same is hereby denied, with ten dollars costs, on condition that plaintiff withdraws the third cause of action in said complaint; otherwise granted.

*John J. Macklin,* for the plaintiff, appellant.

*Wm. N. Cohen,* for the defendant, appellant.

BARNARD, P. J. :

The complaint states three causes of action against the defendant for libel. The plaintiff is a teacher in one of the common schools of the city of New York known as primary

department of Grammar School No. 70. That the board of education had vested the trustees of common schools for the nineteenth ward of the city of New York with the care and management of this primary department, and that the defendant was one of the trustees and the secretary of this ward board. That the defendant stated to persons connected with the press, that the plaintiff was before the board under injurious charges which were proven, and that she would have been dismissed except that there was no law to cover the case, and these statements were published and that they were false. The second cause of action states that the defendant and his associate trustees took testimony of under teachers, injurious to the plaintiff, without requesting her presence, and subsequently served a copy of charges alleged to be based upon that testimony. That the defendant caused to be published the same article which is set forth in the first cause of action. That the statements were not founded on the testimony taken by the trustees and were false.

The third cause of action sets forth that the defendant with his associate trustees, took testimony without notice to plaintiff in respect to her management of her school and in respect to her personal reputation. That the testimony was very injurious to the plaintiff and was untrue. That the defendant and his associates made charges based upon this testimony, which testimony was taken down in writing and circulated. That the charges and testimony were filed with the board of education, which board referred the case to a committee for investigation. That the representatives of the public newspapers obtained access to them and published what purported to be extracts from the statements. That the defendant furnished a synopsis of the testimony to the public press, and that an injurious article was published in the New York *Times* on the 11th of June, 1892. That the defendant told the *Times* reporter that the language used by the plaintiff as shown by the evidence of under teachers was " Vile, immoral and disgusting." That the board of education removed the plaintiff from her position as principal. The plaintiff then sets forth the evidence, and it is injurious to the plaintiff.

The answer makes denial of certain of the allegations of the complaint, and sets up the proceedings of the trustees, and claims them to be privileged under the state of the pleadings. The defendant,

who had demanded that the place of trial be changed from Queens county, which is designated in the complaint, to the county of New York, made a motion to change the place of trial to New York. The motion is based upon the fact that the convenience of witnesses will be promoted by the change. The motion ought to have been granted as matter of right under subdivision 2 of section 983 of the Code. The defendant is sued for an official act and it is not made less official by a statement that the statements of the witnesses taken were false and untrue. If the witnesses testify falsely the testimony will protect those who act upon it if they have not procured the false testimony if it be taken in a regular proceeding. The complaint states that it was taken without notice. The answer states that it was taken upon notice, and thereby an official act is pleaded if the defendant's allegation is proven on the trial. The section as to the place of trial for official acts will be rendered futile if it be held not to be official by a denial of jurisdiction to do the act and such a denial be deemed controlling upon the defendant.

The convenience of witnesses will be subserved by a change of the place of trial. None of the witnesses on either side reside in Queens county. The condition that the defendant shall withdraw the third cause of action is not within the power of the court to impose against the counsel of the plaintiff. She has the right to frame her complaint under the rules of law, and her action must be tried upon it.

DYCKMAN, J., concurred; PRATT, J., not sitting.

Order reversed, with costs and disbursements, and motion granted unconditionally, with ten dollars costs to abide event.